**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

ALICIA ADAMS,

Plaintiffs, *et al.*,

v.

JEREMY FOX, *et al.*,

Defendants.

Case No. 2:23-cv-00474-APG-BNW

**REPORT and RECOMMENDATION (re: ECF No. 28)**

Before this Court is Defendants Crystal Eller and Crystal Eller Esq.'s (Eller Defendants) Motion for costs under Fed. R. Civ. P. 41(d). ECF No. 28. Plaintiffs responded and Defendants replied ECF Nos. 32 and 34. In addition, this Court held a hearing on February 15, 2024. ECF No. 41.

The Eller Defendants seek: (1) costs in the amount of $1929.96 and attorney fees in the amount of $ 39,406.21; and (2) a stay of this case until such payment is made. As explained in more detail below, the Court will recommend that the motion be granted in part and denied in part.

The parties are familiar with the arguments. As a result, this Court only includes them as necessary for the determination of this motion.

**I. Jurisdiction**

Plaintiffs recently filed a Notice of Voluntary Dismissal. ECF No. 44. Although a voluntary dismissal divests the court of jurisdiction to decide the merits of the action, "[i]t is well established that a federal court may consider collateral issues after an action is no longer pending." *Cooter & Gell v. Hartmarx Corp*., 496 U.S. 384, 395 (1990). As the Supreme Court has held, permissible collateral issues include, among other things, "the imposition of costs, attorney's fees, and contempt sanctions, [and] the imposition of a Rule 11 sanction." *Id.* at 396. Thus, the Court's jurisdiction to consider the Eller Defendants' motion for attorney fees and costs under Rule 41(d) survives Plaintiffs' voluntary dismissal.

## II. Relevant timeline of events

On October 7, 2020, Plaintiffs filed an action in the Eighth Judicial District Court for Clark County, Nevada ("Nevada state court") alleging (1) Fraud, Concealment, and Misrepresentation, (2) Fraud, Concealment, Misrepresentation, and Exploitation Against an older Person under NRS § 41. 1395 and NRS § 193. 167(2), (3) Mortgage Lending Fraud under NRS § 645F.400 et seq. (4) Conversion, (5) Civil Conspiracy, and (6) Declaratory Relief. ECF No. 28-1. The complaint named the following Defendants: Crystal Eller, Esq., Eller Law, LLC., Prodigy, Jeremy Fox, Mhyleen Fox, Kahala Hickoff, Fidelity Law Center, Rivera Document Processing, and Brian Rivera. *Id*. At the time the state court complaint was filed, Theresa Mains was not counsel for Plaintiffs.

The case was heavily litigated in state court. There was extensive motion practice surrounding (1) the issue of Plaintiffs' need to post cost bonds, (2) whether the Eller Defendants were in default, and (3) whether the case should be dismissed based on a statute of limitations issue.[1]

After the case was filed, Defendant Crystal Eller was elected as a judge in state court, in the Eighth Judicial District for Clark County, Nevada. As a result, given Crystal Eller was both a judge and a defendant in the Eighth Judicial District, the Nevada Supreme Court reassigned the case. On July 1, 2021, Judge Michael Montero, from the Sixth Judicial District, was assigned to preside over the matter.[2] ECF No. 34-1. The courthouse for the Sixth Judicial District is in Humboldt County.

On January 18, 2021, prior to the order re-assigning the case to Judge Montero, the Eller Defendants filed a Motion to Dismiss and argued that the statute of limitations precluded the filing of the claims. ECF No. 32-8. Plaintiffs opposed. *Id*. On April 15, 2021, the state court denied the Motion to Dismiss, in part, explaining Plaintiffs had "sufficiently pled the 'discovery rule' to avoid dismissal based on a failure to bring their claims within the relevant statutes of

---

[1] For purposes of the instant motion, this Court focuses on the litigation surrounding cost bonds and the motion to dismiss (which led to the subpoena to depose Theresa Mains and the eventual motion for contempt sanctions) as the Eller Defendants focus on those two aspects of the state court litigation for their argument that Plaintiffs acted in bad faith.

[2] That order was served on the parties on October 21, 2021. ECF No. 34-1.

limitations at this state of the proceedings." ECF No. 28-3. The state court explained that "when the claimant discovered or should have discovered the facts constituting their causes of action remains a question of fact." *Id*.

Nevertheless, the state court entered an order on March 31, 2021, allowing the Eller Defendants to take the early deposition of non-party Theresa Mains to explore the factual issues mentioned above. ECF No. 28-4. Shortly thereafter, Ms. Mains filed a notice of appearance as *pro bono* counsel in the case.[3] ECF No. 28-7.

The Eller Defendants tried—for months—to serve Ms. Mains with a subpoena for her deposition and the production of documents. They finally served her, on May 20, 2022. ECF No. 28-11. The deposition was to take place on June 21, 2022. *Id*. Ms. Mains did not show up to the deposition and never produced documents. ECF No. 13. No motions were filed seeking relief from her need to do so. ECF No. 32-8. In turn, the Eller Defendants filed a motion for the state court to find Ms. Mains in contempt and sought monetary sanctions. ECF No. 28-14. Ms. Mains, represented by her own counsel, opposed the motion on March 2, 2023. ECF No. 32-8.

In addition, the entire litigation was permeated with motions regarding the need for Plaintiffs to post cost bonds pursuant to NRS §18.130. This started on November 30, 2020, when the Eller Defendants filed a motion requesting that Plaintiffs post such security. ECF No. 32-8. On April 15, 2021, the state court gave Plaintiffs sixty days to either post such security or file a motion seeking relief from the requirement to do so. ECF No. 28-3. On June 7, 2021, Plaintiffs filed a motion seeking relief from having to post security bonds. ECF No. 32-8. The court granted Plaintiffs' motion. *Id*. On February 4, 2023, the Eller Defendants filed a motion requesting that the state court reconsider its order. ECF No. 28-5. Plaintiffs opposed on February 19, 2022. ECF No. 32-8.

---

[3] Defendants contend Ms. Mains appeared as *pro bono* counsel to create privilege issues and avoid having her deposition taken. Theresa Mains, on the other hand, took the position that she (previously) believed she could not be counsel on the case (as she was also a witness) and that after speaking with Bar counsel determined she could serve as counsel. It is not clear when Theresa Mains was in communication with Bar counsel *vis a vis* the state court order allowing the Eller Defendants to take her deposition.

On March 22, 2023, Plaintiffs voluntarily dismissed the state case. ECF No. 28-2. At that time, the state court had not yet ruled on (1) the issue of bonds or (2) whether Ms. Mains would be held in contempt. On April 19, 2023, the state court granted the Eller Defendants' motion to reconsider and found Plaintiffs would need to post cost bonds—but the order was moot given Plaintiffs had already voluntarily dismissed the case.[4] ECF No. 28-6.

On March 31, 2023, Plaintiffs filed a very similar version of the state case in federal court asserting: 1) Intentional Fraud, Concealment, and Misrepresentation, (2) Fraud, Concealment, Misrepresentation, and Exploitation Against an older Person under NRS § 41. 1395 and NRS § 193. 167(2), (3) Mortgage Lending Fraud under NRS § 645F.400 et seq. (4) Conversion, (5) Civil Conspiracy, (6) Racketeering in Violation of NRS § 207. 400, and (7) Declaratory Relief. ECF No. 1. The complaint named the following Defendants: Crystal Eller, Crystal Eller, Esq., Eller Law, LLC., Prodigy, Jeremy Fox, Mhyleen Fox, Fidelity Law Center, Rivera Document Processing, and Brian Rivera. *Id.*

## III. <u>Analysis</u>

Rule 41(d) provides,

> If a plaintiff who previously dismissed an action in any court files an action based on or including the same claim against the same defendant, the court: (1) may order the plaintiff to pay all or part of the costs of that previous action; and (2) may stay the proceedings until the plaintiff has complied.

Fed. R. Civ. P. 41(d). Rule 41(d) conveys broad discretion on federal courts to order stays and payment of costs. *Esquivel v. Arau*, 913 F. Supp. 1382, 1386 (C.D. Cal. 1996). The purpose of Rule 41(d) is "to protect defendants from the harassment of repeated lawsuits by the same plaintiff on the same claims." *Holt v. Kormann*, Case No. 8:11-cv-01047-DOC (MLGx), 2012 WL 5829864, at *3 (C.D. Cal. Nov. 15, 2012); see *Hacopian v. United States Dept. of Labor*, 709

---

[4] Plaintiffs argue there was improper *ex-parte* communications between the state court and the Eller Defendants preceding the state court's order granting the Eller Defendants' motion to reconsider. As discussed in more detail in this Order, irrespective of whether there is any truth to Plaintiff's allegations, Plaintiffs did not find out about such alleged conduct until after they voluntarily dismissed the state court case. In turn, it is immaterial to this Order.

F.2d 1295, 1297 (9th Cir. 1983). Similarly, Rule 41(d) is intended to serve as a deterrent to forum shopping and vexatious litigation. *Esquivel*, 913 F. Supp. at 1386.

A defendant is not required to demonstrate a plaintiff's subjective bad faith to recover costs under Rule 41(d). *See id.* at 1388.[5] An "award under Rule 41(d) is appropriate" where "the [movant] has failed to present a persuasive explanation for the course of litigation" and the nonmovant shows it has "incurred needless expenditures as a result." *Milkcrate Athletics, Inc. v. Adidas Am., Inc*., 619 F. Supp. 3d 1009 (C.D. Cal. 2022) (citing to *Esquivel*, 913 F. Supp. at 1388). The burden is on plaintiffs to persuasively explain their actions. *See, e.g., Milkcrate Athletics, Inc.,* 619 F. Supp.3d at 1025.

Even when costs are awarded under Rule 41(a)(2), plaintiffs can only be required to pay for "work which is not useful in continuing litigation between the parties." *Koch v. Hankins*, 8 F.3d 650, 652 (9th Cir. 1993). In addition, costs must be reasonable. *Nielson v. Union Bank of California*, N.A., No. CV-020-6942-MMM-CWX, 2003 WL 27374136 * 4 (C.D. Cal. Mar. 31, 2003).

Although Rule 41(d) is silent on attorney's fees, the district court in *Esquivel* concluded as a matter of first impression that attorney fees may be available as "costs" under Rule 41(d). *Esquivel*, 913 F. Supp. 1382 at 1389-92 ("Certainly, the purposes of both Rule 41(d) and the 'bad faith' exception to the American Rule are the same, i.e., to compensate a party who has incurred unnecessary expenditures because of an opponent's vexatious conduct during the course of litigation.... [I]t is the decision of the Court that defendants are entitled to both expenses and attorney's fees that are reasonably incurred and that will not contribute toward defendants' defense in the present case.").

The Ninth Circuit recently held that "costs" under Rule 41(d) do not include attorney's fees as a matter of right. *Moskowitz v. Am. Sav. Bank*, *F.S.B.*, 37 F.4th 538, 545-46 (9th Cir. 2022). The court observes that the Ninth Circuit in *Moskowitz* expressly declined to decide

---

[5] As explained later in this Order, an award of *costs* under Rule 41(d) does not require a showing of bad faith, *Esquivel*, 913 F. Supp. at 1388, but the weight of authority suggests an award of *attorney fees* under that Rule requires a heightened showing.

whether: (1) "bad faith is sufficient to allow a party to recover attorney's fees as 'costs' under Rule 41(d)"; or (2) attorneys' fees are properly awarded in situations where "the underlying statute so provides." *Id*. at 546.

Since the Ninth Circuit decided *Moskowitz*, several courts have determined that attorney fees could be awarded under this rule. *Milkcrate Athletics, Inc*., 619 F.Supp.3d at 1027; *Ortega v. Am. Honda Motor Co*., No. 2:22-CV-04276-FLA-MRWX, 2023 WL 5207504 (C.D. Cal. Mar. 24, 2023).

**A. Costs (not including attorney fees)**

The Complaint in this action is nearly identical to that filed in state court. *Compare* ECF No. 28-1 *with* ECF No. 1. In addition, during the hearing, Plaintiffs conceded that the two actions involve the same claims against the same defendants for purposes of Fed. R. Civ. P. 41(d).

Plaintiffs argue the main reason they dismissed the state court case and re-filed in federal court was to save money. Specifically, they argued they wanted to be able to litigate the case in Clark County—as opposed to Humboldt County, which is the where the Sixth Judicial District Court is located and where Judge Montero (who was assigned to the case) presides. They also argued that there had been improper *ex-parte* communications between the Eller Defendants and the state court, but conceded they were not aware of those communications at the time they voluntarily dismissed the state case. The Eller Defendants argue that while Judge Montero was assigned to the case, there was never any indication that the case would be tried (or that hearings would be held) in Humboldt County. In this vein, they point out that the parties continued filing motions—including the motion to voluntarily dismiss the case—in the Eighth Judicial District, in Clark County (as opposed to the Sixth Judicial District in Humboldt County). Lastly, they argue that Plaintiffs failed to explain how traveling to Clark County (as opposed to Humboldt County) would impose less of a financial burden on Plaintiffs, who are traveling from out of state.

The Court agrees with the Eller Defendants and finds that Plaintiffs' explanation is illogical. Plaintiffs have failed to present a persuasive explanation for dismissing the action in the Eighth Judicial District Court and then re-filing it here. Nothing about Judge Montero's assignment required the parties to litigate the case in Humboldt County. Indeed, the parties continued

litigating the case in Clark County. And, if that was indeed the motivation for filing the case in federal court, then it is not clear why Plaintiffs waited from October 2021 to March 2023 to dismiss the state court case and refile in federal court. In addition, the Eller Defendants have incurred needless expenditures and have been prejudiced as a result. Thus, in its discretion, this Court finds that an award of costs under Rule 41(d) is appropriate.

The Eller Defendants seek an award of costs in the amount of $1929.96. ECF No. 28-21. This Court has reviewed the itemization of costs for the case and finds they are reasonable. ECF No. 28-21 at pp. 23-25. Plaintiffs have since voluntarily dismissed the federal action. As a result, the costs incurred during the state court litigation will not be useful in this case. Accordingly, the Court recommends that Plaintiffs pay the Eller Defendants $1929. 96 in costs associated with litigating the state court case. [6]

**B. <u>Attorney Fees</u>**

As explained above, the Ninth Circuit has left open whether attorney fees can be awarded when (1) bad faith is involved and (2) when the underlying statute so provides. Here, the Court need not reach whether attorney fees are allowed under Rule 41(d) as there is insufficient evidence to find that Plaintiffs acted in bad or that the underlying state statute would be triggered. As a result, in its discretion, this Court denies the request.

**1. <u>Bad faith</u>**

Defendants' bad faith argument is rooted in their assertion that Plaintiffs dismissed the action in state court to (1) avoid the prospect of having to pay cost bonds and (2) to avoid contempt sanctions. As a result, according to the Eller Defendants, Plaintiffs' reason for re-filing in federal court was strategic and motivated by bad faith. In addition, they also argue they needlessly endured extensive litigation in state court for two and a half years.

The Court begins by analyzing the issue of cost bonds. The Eller Defendants sought cost bonds in state court as early as November 30, 2020. ECF No. 32-8. Plaintiffs did not dismiss the

[6] Plaintiffs have never argued that the Eller Defendants are seeking more costs than what they are due. In addition, this Court does not find—based on the record before it—that Plaintiffs are necessarily unable to pay these costs.

case at that point. Instead, Plaintiffs filed a motion for equitable relief from having to post security bonds. *Id*. After Plaintiffs' motion for equitable relief was granted, the Eller Defendants sought reconsideration. *Id.* Again, rather than dismiss the case, on February 19, 2022, Plaintiffs opposed Defendants' motion for reconsideration. *Id.* If the motivation to dismiss the state case was to avoid the prospect of having to post cost bonds, Plaintiffs would have dismissed the state case much earlier than when they did—either after the first time the Eller Defendants filed the motion seeking security for costs, or after Defendants filed a motion for reconsideration. Instead, Plaintiffs (1) opposed each request and (2) waited until March 22, 2023, to dismiss the case—an entire year after the Eller Defendants filed their motion for reconsideration. ECF No. 28-2

Nor is it the case, as the Eller Defendants argue, that Plaintiffs could have avoided posting security for costs by prosecuting the case in federal court instead. In diversity cases, such as this one, the Eller Defendants could certainly have moved for Plaintiffs to post security for costs. *Hamar v. Hyatt Corp*., 98 F.R.D. 305 (D. Nev. 1983) ("It has been the policy of the United States District Court for the District of Nevada to enforce the requirements of NRS 18.130 in diversity actions."); *Sesock v. D1 Kennels*, No. 2:20-CV-01466-APG-DJA, 2021 WL 76713 (D. Nev. Jan. 8, 2021) (applying NRS 18.130 and granting request for imposition of cost bonds). Thus, the Court does not find that dismissing the state court action (and re-filing in federal court) was motivated by the desire to avoid the posting of cost bonds or that federal court offered any tactical advantage in that regard.

Next, the Court analyzes whether dismissing the case in state court and re-filing in federal court was motivated by the desire to avoid contempt sanctions. First, despite Defendants' belief to the contrary, dismissing the state court case did not deprive the state court from jurisdiction over the issue of sanctions on Ms. Mains.[7] *Emerson v. Eighth Jud. Dist. Ct. of State, ex rel. Cnty. of Clark*, 263 P.3d 224 (Nev. 2011). And while it is true, as the Eller Defendants argue, that the state court could not compel her deposition after Plaintiffs dismissed the case in state court, there is no indication that the Eller Defendants ever filed a motion to compel her deposition in conjunction

---

[7] Certainly, the Eller Defendant could recoup some of the attorney fees by pursuing that course of action.

with the motion for sanctions.[8] *See* ECF No. 32-8 and ECF No. 28-14. Moreover, nothing compels the conclusion that prosecuting the case in federal court would have relieved Ms. Mains from being deposed. Thus, the Court does not find that dismissing the state action was based on the hopes of avoiding either monetary sanctions or the deposition of Ms. Mains.

Lastly, Ms. Mains' email to a serve list on March 15,2023, is not sufficient evidence of bad faith. Her email asks those on the serve list whether they have dismissed an action in state court and re-filed in federal court. ECF No. 28-20. It quotes from a Nevada Civil Practice Manual listing different strategic reasons to voluntarily dismiss a case in state court. *Id.* And the stated (main) reason she provides for wanting to prosecute the case in federal court is that federal court will provide a more efficient forum. *Id.*

**2. <u>Underlying substantive law</u>**

Pursuant to NRS §18.010(2)(b), attorney fees may be appropriate for a prevailing party when, as applicable here, "the court finds that the claim, counterclaim, cross-claim or third-party complaint or defense of the opposing party was brought or maintained without reasonable ground or to harass the prevailing party." NRS § 18.010(2)(b).[9]

The Eller Defendants argue there is ample evidence to suggest that Plaintiffs' claims are meritless and fueled by Ms. Mains' desire for revenge. They also argue Plaintiffs brought this action outside the relevant statute of limitations and include language from a prior state court order in which the state court judge stated that it was not "illogical, implausible, or without support in the record to conclude that there is a reasonable possibility that Defendant Eller may prevail this action such that she would be entitled to an award of costs pursuant to NRS 18.010." ECF 28-6.

---

[8] NRCP 45(e)"Failure by any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court that issued the subpoena. In connection with a motion for a protective order brought under Rule 26(c), a motion to compel brought under Rule 45(c)(2)(B), or a motion to quash or modify the subpoena brought under Rule 45(c)(3), the court may consider the provisions of Rule 37(a)(5) in awarding the prevailing person reasonable expenses incurred in making or opposing the motion." No argument that a motion to compel was also filed.

[9] Defendants are not arguing that they would be entitled to attorney fees under NRS 18.010(2)(a).

First, there is insufficient evidence as to whether the action was brought to harass the Eller Defendants. Defendants rely on the procedural history of the case, including the complaint to the Attorney General Office and the State Court Bar—all during the time when Crystal Eller was running for judge—as well as Ms. Mains' social media postings, for the proposition that the action is motivated by revenge. But that is not sufficient for a finding that the underlying purpose is to harass. All of those actions could also be consistent with having legitimate claims against the Eller Defendants. To be clear, this Court expresses no opinion on what the motivation was for the lawsuit. Instead, it adopts the stance that there isn't enough evidence to draw any conclusions.

And this Court cannot conclude that there were no reasonable grounds to bring this action based on a failure to bring suit within the statute of limitations. Indeed, the state court denied Defendants' Motion to Dismiss explaining Plaintiffs had "sufficiently pled the 'discovery rule' to avoid dismissal based on a failure to bring their claims within the relevant statutes of limitations at this state of the proceedings." ECF No. 28-3. In addition, this Court notes a similar motion was pending in this case and that Plaintiffs asserted similar arguments as to why the statute of limitations did not apply. *See* Eller Defendants' Motion to Dismiss at (ECF No. 33) and Plaintiffs' opposition (ECF No. 37).

And the language from the state court order alluding to a reasonable possibility that Defendants may prevail (and thus be entitled to attorney fees under NRS 18.010) is too theoretical and, by extension, insufficient for this Court to find harassment was at play.

**C. Staying proceedings**

Given Plaintiffs have voluntarily dismissed the case, this issue is moot.

///

///

///

///

///

///

///

## IV. Conclusion

**IT IS RECOMMEDED** that the Eller Defendants' motion at ECF No. 28 be **GRANTED in part and DENIED in part**.

**IT IS FURTHER ORDERED** that Plaintiffs pay the Eller Defendants $1929.96 within 30 days from today.

DATED: March 25, 2024.

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE